## CHECKER CAB MFG. CO. v. CHECKER TAXI CO.

District Court, N. D. Illinois. June 6, 1928.

No. 7726.

Action ⛛⟶69—District court cannot stay proceedings pending determination of suit in state court involving issue subsequently raised therein.

Where plaintiff, after dismissing cross-bill filed in state court, filed suit in federal court, and defendant thereupon filed in state court an amended and supplemental bill bringing into such action the same issue, federal court had no jurisdiction to stay proceedings until determination of suit in state court, since plaintiff, having obtained jurisdiction by reason of diversity of citizenship, had absolute right to trial under Constitution and laws of United States.

In Equity. Suit by the Checker Cab Manufacturing Company against the Checker Taxi Company. On motion to stay proceedings. Motion denied.

LINDLEY, District Judge. Plaintiff seeks in its bill to recover damages and profits under a certain contract with defendant. Some time prior to the commencement of this suit the defendant filed its suit in equity in the state court, seeking by bill of review to correct a decree in a former suit between the said parties, for which the contract now sued upon was the basis. The suit was brought against the present plaintiff and three others. Plaintiff answered the bill in the state court, and then filed its cross-bill seeking substantially the same relief prayed in the present suit. To that cross-bill the present defendant filed an answer, alleging that the contract was procured by fraud. Thereupon the plaintiff dismissed its cross-bill without prejudice, and later filed the present suit in this court. After the commencement of the present suit, the defendant filed in the state court an amended and supplemental bill, praying for the same relief prayed for in the original bill, and in addition that the contract be canceled for fraud. Such amendment was made subsequent to the filing of the suit in this court. Defendant now asks the court to stay the proceedings here until the suit in the state court has been adjudicated.

This is not a suit in rem, and the custody of no property has vested in either court. It is obviously a suit in personam, and the sole question is whether the court has the discretion to stay the proceedings here until the determination of the suit in the state court. Plaintiff obtains jurisdiction by reason of diversity of citizenship. Under the Constitution and laws of the United States it has an absolute right to try its case in this forum. The pendency of the state court action is not a bar, and it would seem apparent that this court may not exercise its discretion to deprive plaintiff of its constitutional right to a trial in this court. Plaintiff was not, at the time of the commencement of this suit, seeking to try the issue in the state court. It abandoned its cross-bill there before filing its suit here, and its cause of action asserted in this court was pending in no proceedings in any other jurisdiction when it asserted its desire to exercise its constitutional right to a trial in the federal court. No question of comity is involved. There is no danger of unseemly conflict of jurisdictions. Since the issue in this case has been brought into the state court by the defendant subsequent to the commencement of this suit, then with much more reason could the state court be asked to stay its finding upon that issue until the court which first obtained jurisdiction of the same has disposed of it.

The motion to stay proceedings is denied.